*J. W. Burton* and *J. H. O'Neall,* for appellee.

---

DELZELL *v.* THE INDIANAPOLIS AND CINCINNATI RAILROAD CO.

NEGLIGENCE.—*Railroad.—Street Crossing.— City Ordinance.*—Where the common council of a city, having exclusive control of the streets of the city, specifies by ordinance the general character and extent of work to be done by railroad companies where the streets are crossed by the tracks of their roads, in order that such railroad tracks may be crossed with more safety and convenience by the public, such work and the repairs thereof to be done and maintained to the satisfaction of a specified agent of the city, without, however, furnishing detailed specifications as to the particular manner in which the work shall be executed or requiring it to be done under the supervision, control, and direction of an authorized agent of the city; the fact that such work is done and maintained by a railroad company to the satisfaction of such specified agent, does not relieve the company from liability for an injury to a horse driven without fault or negligence over such crossing, such injury being occasioned by the work having been done or maintained in an unskilful and improper manner, rendering the crossing unsafe and dangerous.

SAME.—The common council of the city of Indianapolis by an ordinance passed December 4th, 1863, made it the duty of any railroad company whose track might cross or intersect any street of said city, to make the grade of the track conform to the established grade of the street, and to pave the street with boulder stones, or to lay down securely strong and substantial planks between the rails and for two feet on either side of such track, in such manner that the planks or boulder stones should extend the entire width of such street, or as far as such track might extend, such bouldering or planking or repairs thereof to be done and maintained to the sat-

isfaction of the civil engineer of the city; the object of the requirement, as declared by the ordinance, being, "that such railroad track may be crossed with more safety and convenience by the public."

Suit for damages against a railroad company, whose track extended across a public street, by the owner of a horse injured while being driven without fault or negligence across said railroad on said street, such injury being occasioned by the unskilful and improper manner of constructing and maintaining the crossing. Answer, that the defendant had complied with said ordinance, by laying down securely at said crossing strong and substantial planks between the rails and for two feet on either side of the track, extending the entire width of the crossing, doing said planking and maintaining it in repair to the satisfaction of the civil engineer of said city. *Held,* that the answer was bad on demurrer.

APPEAL from the Marion Common Pleas.

Suit by Delzell against The Indianapolis and Cincinnati Railroad Company, for the recovery of damages.

The complaint is in two paragraphs. The first avers, that the defendant owns and controls a railroad track extending from the city of Indianapolis to the city of Cincinnati, Ohio; that said track extends upon and across —————— street, in said city of Indianapolis; that said street is a public and generally traveled thoroughfare; that it was and is the duty of the said defendant to construct, keep, and maintain said crossing in a safe and proper condition, and in such order as to make the crossing and passage of said track safe and convenient; but that said defendant heretofore, to wit, on the —————— day of ——————, neglected to keep and maintain said crossing in good and proper repair, and suffered the same to become unsafe, and to be in improper condition, thereby rendering the passage of said street dangerous and unsafe; that on said day, the plaintiff was driving along said street, using proper care and diligence, and by reason of the improper condition in which the defendant had wrongfully and negligently suffered said crossing to get, the plaintiff's horse was thrown violently to the ground, by reason of his foot becoming fastened in the planking of said crossing; that the injuries then and there received by said horse occasioned his death, the said horse having died from the injuries then received on the —————— day

of ———; that the plaintiff expended in and about the treatment and cure of ·said horse the sum of· fifty dollars, and for medicines and surgeon's services the further sum of fifty dollars; the plaintiff avers that at the time said horse received the injuries aforesaid, he was of the just and reasonable value of two hundred dollars; wherefore the plaintiff prays judgment for three hundred dollars.

The second paragraph avers, that said defendant heretofore, to wit, in the year ———, constructed a railroad track across one of the public streets of Indianapolis, to wit, ——————— street; and, in order to protect her rails against injury from the crossing of wagons and carriages, as well as to enable wagons, carriages, horses, &c., to cross said track in safety and with convenience, it became and was necessary to lay down and fasten thick, heavy planks on both sides of each rail; and in so doing it was necessary to leave a small space, say of two and a half inches, open between the rails and the boards on the inside of the track, for the passage and running of the flanges of the wheels of the trains passing over the track; and it was the duty of said defendant in laying down said planks, and the safety of horses and teams in passing across said track at said crossing required, that the planks should be carefully and skilfully laid down and maintained, leaving no larger space between said planks and the rails than was required for said flanges. Nevertheless, plaintiff says that said defendant laid down and fastened securely said planks between and on the outside of said rails of said crossing, and has ever since maintained them there, and in so doing made and suffered the space between said planks and rails on the inside of the track to be and become wider than was and is necessary for the use of said railroad, and so wide as to be dangerous to horses and teams in passing along said street over and across said track, and has made said construction and maintenance unskilful and unworkmanlike. And said plaintiff further says that, heretofore, to wit, on the —— day of ———, 186–, said plaintiff· was driving his horse and buggy on and along

said street, as he had a right to do, and his business required him to cross said track on said street; and although he drove his said horse and buggy with care in crossing said track, and was not therein guilty of negligence or want of skill, but from the unskilful and unworkmanlike manner of constructing and maintaining said track, and of having and suffering the space between said planks and said rails wider than was necessary for the purpose of said railroad, the forefoot of said plaintiff's horse, in crossing said track, on said street, got between said rail and plank, and was thereby held fast, whereby said horse was thrown violently down upon said track, and his leg greatly wrenched and strained and otherwise injured, and his body and whole system bruised and strained and injured, whereby he was not only rendered wholly useless for a time, but plaintiff was compelled and did incur large expenses in keeping and nursing said horse; and after lingering and suffering for about a month, said horse died from said injury; in all which plaintiff was and is injured five hundred dollars, and for that sum he asks judgment.

The defendant answered in two paragraphs.

The first paragraph is a general denial.

The second paragraph is substantially as follows: Further answering as to so much of the complaint as alleges that the defendant, at the time of the alleged wrong and injury complained of, neglected to maintain said crossing in good and proper repair, and suffered the same to become unsafe and to be in improper condition, thereby rendering the passage of said street dangerous and unsafe; the defendant says that said crossing was, at the time of said alleged wrong and injury, and still is, within the corporate limits of the city of Indianapolis; that said city was then and still is acting under and deriving its powers from the general law of the State of Indiana relating to cities, and was so acting at the time of ordaining the ordinance hereafter mentioned; that the common council of said city, heretofore, to wit, on the 4th day of December, 1863, passed a certain

Delzell *v.* The Indianapolis and Cincinnati Railroad Co.

ordinance, a copy of which is herewith filed and is made part hereof, which ordinance was in full force and unrepealed at the time of the said alleged wrong and injury; that prior to said alleged wrong and injury, said defendant had complied with the requirements of said ordinance, by laying down securely at said crossing strong and substantial planks between and at either side, for two feet, of her track, and in such a manner that such planks extended the entire width of said crossing, doing said planking to the satisfaction of the civil engineer of said city; and that from, up to, and at the time of, the happening of said alleged wrong and injury, she maintained said planking in good repair, to the satisfaction of said civil engineer. Wherefore she prays judgment.

The ordinance exhibited is as follows:

"An Ordinance, relative to the grading, planking and paving of streets and sidewalks, at points where they are intersected and crossed by railway tracks. Passed December 4th, 1863.

"Sec. 1. Be it ordained by the common council of the city of Indianapolis, That it shall be the duty of each and all railroad companies, where their tracks intersect or cross the streets, sidewalks, or alleys of said city, to grade and plank or pave the streets and sidewalks or alleys at such crossing or intersection in the manner hereinafter designated.

"Sec. 2. That at the point where such track or tracks intersect or cross said streets, it shall be the duty of the railroad company owning or maintaining the same, to make the grade thereof conform to the established grade of such street or streets, and to pave the same with boulder stones, or lay down securely strong and substantial planks between and on either side, for two feet, of such track or tracks, and in such manner that such planks or boulder stones may extend the entire width of such street or streets, or as far as such track or tracks may extend—such bouldering or plank-

ing or repairs thereof to be done and maintained in good repair, in every case, to the satisfaction of the civil engineer.

"Sec. 3. It shall be the duty of the marshal of said city to give such railway companies notice of the requirements of this ordinance, which notice shall be served as it is provided by law that summons in civil actions shall be served upon railroad companies.

"Sec. 4. If any railroad company shall fail, neglect, or refuse, to comply with the requirements of the second section of this ordinance within thirty days after the date of receiving the notice designated in the preceding section, they shall be deemed to have been guilty of a violation of the provisions hereof, and for each day after the expiration of said thirty days that they fail, neglect, or refuse to pave or plank the street crossing as provided in the second section hereof, they shall be liable to a penalty of five dollars per day. Such penalty shall be collected by civil action instituted by the City Attorney before the Mayor of said city, in the corporate name of said city of Indianapolis.

"Sec. 5. The said railroad companies are required to pave or plank the streets of said city as provided in section second of this Ordinance, in order that the said railway tracks may be crossed with more safety and convenience by the public.

"Sec. 6. This Ordinance shall take effect and be in force from and after its passage and publication in the State Journal for two weeks consecutively. Ordained and established this 4th day of December, A. D. 1863."

The plaintiff demurred to the second paragraph of the defendant's answer.

The court overruled the demurrer.

The plaintiff elected to stand by his demurrer, and there was final judgment for the defendant.

ELLIOTT, J.—It is insisted on behalf of the appellant that the court erred in overruling the demurrer to the second paragraph of the answer. The question is, do the facts

alleged in the answer constitute a defense to the action? In support of the answer it is argued, that, as the common council had exclusive power over the streets of the city, and as the right of the railroad company to lay its track across the street was subject to the police power of the city corporation, the common council had the right to determine the manner in which the track of the railroad should be laid across the street, so as to render passage over it secure; and the common council having by the ordinance, exhibited as a part of the answer, prescribed the character of the improvement to be made at such crossings, and required that it should be so made and kept in repair to the satisfaction of the civil engineer, that the railroad company was bound by the ordinance and the direction of the engineer, and had no discretion in the matter; that the company having complied with the ordinance to the satisfaction of the engineer, the work became the work of the city, and not of the railroad company; and, therefore, if it was improperly done, whereby the appellant sustained the injury complained of, the city, and not the railroad company, is responsible.

The facts assumed in the argument differ, somewhat, from those presented by the pleadings. The common council having exclusive control of the streets of the city, it may be conceded that they might, not only specify the general character of the work to be done by a railroad company in crossing the street with the track of its road, to render it safe to the public in passing over it, but also furnish detailed specifications as to the particular manner in which the work should be executed; and in such case, if the work should be done in strict accordance with the specifications and requirements of the common council, the responsibility for its safety would devolve upon the city. Or the common council might require that the crossing should be constructed under the supervision, control, and direction of the engineer, or other authorized agent of the city; in which event, the responsibility that it was properly constructed and rendered secure would rest upon the city, and not upon the

railroad company. But no such state of facts is shown by the answer in this case.

The second section of the ordinance makes it the duty of a railroad company, in crossing a street of the city, to make the grade of the railroad track conform to the established grade of the street, and to pave with boulder stones, or lay down securely strong and substantial planks, between the rails and two feet in width outside thereof, and extend the same the entire width of the street, or as far as the track may extend; which is to be done and maintained to the satisfaction of the civil engineer. The object of the requirement, as declared in the fifth section of the ordinance, is, that the railway track may be crossed with more safety and convenience by the public. The ordinance defines the character of the work—that is, the track-way is to be either bouldered or planked—and the extent thereof; and, construing the second and fifth sections together, the inference is plain that it is to be done in a skilful and proper manner, so as to render the crossing safe and convenient to the public.

It requires the work to be done to the satisfaction of the civil engineer; but it does not assume to place its execution under his supervision and control, and thereby relieve the railroad company from the obligation of performing it in a skilful and proper manner, so as to render the crossing safe to the public.

The answer avers that the defendant, prior to the injury complained of, had complied with the requirement of the ordinance, by laying down securely, at said crossing, strong and substantial planks, between and on either side, for two feet, of the track, and in such a manner that the planks extended the entire width of said crossing;—doing said planking to the satisfaction of the civil engineer of the city, and subsequently maintaining the same to the satisfaction of said engineer.

This does not meet the requirements of the ordinance or the allegations of the complaint. The answer does not

allege that the work was done in such a manner as to render the crossing safe to the public.

The second paragraph of the complaint admits that the defendant laid down thick, heavy planks between and on the outside of the rails of said crossing, and fastened them securely, and that it was necessary to leave a small open space of, say two and a half inches, between the rails and planking on the inside of the track; but it alleges that the planking was done in an unskilful and unworkmanlike manner, in this: that the space between the planks and the rails, on the inside of the track, was made and suffered to become wider than was necessary for the use of said railroad, and so wide as to be dangerous to horses and teams in passing over and across the track of the railroad, on said street; and that by reason thereof the plaintiff's horse, when being carefully driven on the street over said crossing got his forefoot between the rail and plank, where it was held fast, and the horse was thereby thrown upon the track and so injured that he died, &c.

The *gravamen* of the complaint is, that the injury was caused by the planking being done by the defendant in an unskilful and improper manner, thereby rendering the crossing of the track unsafe and dangerous. These facts are not denied by the answer, and hence they are admitted to be true; but it is sought by the answer to avoid them, under the ordinance, by the averment that the planking was done and maintained to the satisfaction of the civil engineer. In other words, the defendant admits by the answer that the injury complained of was caused by the planking being done in an unskilful and improper manner, whereby the crossing was rendered unsafe and dangerous, but insists that it is not liable therefor, because the civil engineer of the city was satisfied with the manner in which the work was done.

The error of this position seems too apparent to require argument to illustrate it.

As it was the duty of the corporate authorities to see

that the streets were kept in a safe condition for travel, the city might, perhaps, be liable for the injury complained of; but if so, still the railroad company cannot escape from liability from its own careless and improper acts, resulting in injury to others, by simply showing that they were satisfactory to an agent of the city authorities.

We are referred by the appellee's counsel to the case of *Young* v. *Inhabitants of Yarmouth*, 9 Gray, 386, as being very much in point. We do not so regard it. It was a suit by the plaintiff against the town of Yarmouth, for damages occasioned by being thrown from his carriage against a telegraph pole standing in the highway. The pole had been erected by the Cape Cod Telegraph Company, under the general law authorizing the organization of such companies and authorizing them to erect such poles.

The law provides, that the location of the poles shall be determined by the selectmen of the towns, who shall specify in writing where the poles shall be located; that the writing shall be recorded in the town; and that the company in building its line shall follow the regulations of the writing.

The court held, that the selectmen, in fixing the location of the poles, were not acting as the agents of the town, but of the public generally, and that their action was conclusive upon all parties; that as the town had no power to control the subject, or interfere with or remove the poles, their existence upon the highway, if in exact accordance with the regulations of the selectmen, did not constitute a defect or want of repair in the highway for which the town was responsible.

In the case before us, it was the duty of the railroad company to plank the crossing in such manner as to render the use of the street safe to the public, and the complaint is, that the planking was done in such an unskilful and improper manner as to render it unsafe, in consequence of which the injury occurred.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer

to the second paragraph of the answer, and for further proceedings.

,J. L. Ketcham, J. L. Mitchell, and W. A. Ketcham, for appellant.

T. A. Hendricks, O. B. Hord, and A. W. Hendricks, for appellee. ·