The Louisville, New Albany and Chicago Railway Company v. Phillips.

Filed Oct. 12, 1887.

No. 12,180.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. PHILLIPS.

RAILROAD.—*Negligence.*—*Right of Public to Use of Track Laid in Street.*— *Trespass.*—Where a railroad track is laid in a public street, the rights of the public and the railroad company respecting the use thereof are mutual, though those of the latter are paramount. A person is not a trespasser who walks along such track, and if in so doing his foot becomes fastened in an opening which exists by reason of the negligent construction of the track, and he is run upon by a train of the railroad company, which is negligently managed, he being without fault, the railroad company is liable for the injuries sustained.

VARIANCE.—*Pleading.*—*Evidence.*—A verdict will not be disturbed on account of an immaterial variance between the pleading and proof. .

From the Lawrence Circuit Court.

*G. W. Friedley* and *W. H. Martin,* for appellant.
*J. R. East, W. H. East* and *G. W. Cooper,* for appellee.

ELLIOTT, J.—The appellee alleges in the first paragraph of his complaint that the track of the appellant is laid upon Railroad street, in the city of Bloomington, for the distance of the one-half of a mile; that it crosses several streets,

| | |
|---|---|
| 112 | 59 |
| 113 | 197 |
| 116 | 453 |
| 120 | 473 |
| 122 | 540 |
| 112 | 59 |
| 126 | 467 |
| 112 | 59 |
| 130 | 5 |
| 112 | 59 |
| 134 | 400 |
| 112 | 59 |
| 140 | 278 |
| 143 | 465 |
| 112 | 59 |
| 151 | 592 |
| 112 | 59 |
| 0157 | 689 |
| 112 | 59 |
| 161 | 510 |
| 112 | 59 |
| 168 | 346 |

among others Fourth and Fifth streets; that in constructing· the track a space of three or four inches was left between the guard-rail and the rails of the track ; that, on the 27th day of December, 1882, the appellee, without any fault or negligence on his part, was crossing the track and caught his. foot in the space between the guard-rail and the rails of the track ; that the appellant negligently and carelessly ran one of its trains upon the appellee while his foot was fastened between the rails, and greatly injured him.

The second paragraph of the complaint contains substantially the same allegations as to the appellant's negligence in running a train upon the appellee while his foot was fastened between the rails, as to his own care, and as to the occupancy of Railroad street by the appellant's track, but it also alleges. that for the use of persons travelling upon the street the appellant had constructed and maintained a walk or platform, and that it was guilty of negligence in constructing and maintaining the walk, thereby endangering the life and limbs of those who travelled over it.

There was no demurrer addressed to the complaint, nor is there any attack upon it that we can properly notice, although counsel have assigned as error rulings upon demurrers to each paragraph of the complaint. We do not, therefore, pass upon the sufficiency of the complaint, but confine our decision to such questions as are properly presented.

The material facts which are established by the evidence are these : In 1853 the track of the appellant was constructed upon and along Railroad street, in the city of Bloomington, and has since been maintained and used. Between the tracks of the company, and on each side, the ground is covered by planks. On the 27th day of December, 1882, the appellee, a lad about eight years of age, was sent on an errand, and passed down Fifth street until he reached Railroad street, and there entered upon the track laid in that street; from this. point he walked toward Fourth street, and when opposite the appellant's depot, and within twenty feet of Fourth street,

his foot was caught between the rail of the track and the plank on the inside of the track. His foot was so firmly fastened that he could not extricate it, and while he was thus fastened a train of cars was run upon him and he was very severely maimed and injured. The employees of the appellant were guilty of negligence in the management of the train, but there was no intentional or wilful wrong on their part. The track was negligently constructed and maintained, and was in such a condition, through the fault of the company, as to endanger the lives and limbs of those walking along the track laid in the street.

It is important to keep in mind the fact that the injury to the appellee did not occur at a street crossing, but at a point on the track laid along a street twenty feet north of the crossing. If the injury had been caused solely by the negligence of the appellant in constructing or maintaining the crossing, there would be no doubt as to the appellee's right of recovery, for it is the duty of a railroad company to maintain street or highway crossings, changed by it for its own purpose and convenience, in a reasonably safe condition for passage. *Delzell* v. *Indianapolis, etc., R. R. Co.*, 32 Ind. 45; *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143; *Louisville, etc., R. W. Co.* v. *Smith*, 91 Ind. 119; *South, etc., R. R. Co.* v. *McLendon*, 63 Ala. 266; *Kelly* v. *Southern, etc., R. R. Co.*, 28 Minn. 98; *Oliver* v. *Northeastern R. W. Co.*, 9 Eng. Rep. (Moak) 350; 2 Wood Railway Law, 1382.

But the appellee was not injured at a crossing, so that the rule we have stated can not directly apply, although the principle which it asserts may exert an important influence in the decision of the case; for, if the place where the injury was inflicted was still a street, the principle the rule embodies does exert a potent influence. 2 Wood Railway Law, 958.

If the place where the accident occurred was exclusively the track of the railroad company, in which the public had no rights, then there can be no recovery on the sole ground that the employees of the appellant were negligent in the

management of the train which ran upon the appellee, for it does not appear either by positive evidence or by inference that they knew that the lad was fastened to the track. Had they known of his unfortunate situation it would have been their duty, even had he been on a track in which the company's right was exclusive, to have used reasonable effort to bring the train to a stop. If the employees see a man bound to the rails in time to check the train, they must use reasonable measures to check it, and not suffer it to run upon the helpless man; but, if they do not see him in time to check the train, the company can not be held liable; nor could it, even in such a case, be held liable unless the employees knew of the helpless condition of the person on the track. *Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179 ; *Lafayette, etc., R. R. Co.* v. *Huffman,* 28 Ind. 287 ; *Lake Shore, etc., R. R. Co.* v. *Miller,* 25 Mich. 274.

On the hypothesis that the place where the appellee received his injury was exclusively the roadway of the company, something must be superadded to the negligence of those in charge of the train in order to justify a recovery. On that hypothesis much more must be shown.

If the place where the lad caught his foot between the rail and the plank was the roadway of the company to the exclusion of the rights of the public, then there can be no recovery, even though the way was so unsafe that no citizen could walk along it without injury coming upon him. If the way was the exclusive roadway of the company, in which the public had no right of passage, then the company would not be liable to one who walked along it, unless the injury inflicted upon him was the result of wilful or intentional misconduct. But if it was a street which the public had a right to use, then, although it may have been occupied by the track of the company, the person who walks upon it is not a trespasser. It is true that circumstances may make him guilty of contributory negligence that will defeat a recovery, but the mere fact that he walks upon the highway does not

make him a trespasser, although the railroad company has its track laid in the highway. A trespasser has no right to exact care from a railroad company; but one who is not a trespasser has a right to exact a reasonable degree of care, if he is not himself in fault.

· It is not necessarily inferable, because both the railroad company and the public have rights in a street or highway, that one who enters on the track in the street is a trespasser; nor, indeed, can it be inferred from that fact alone that he is guilty of negligence. If the way retained its character as a public one, it was not a wrong on the part of the citizen to carefully pass over it, even though it be conceded that, so far as respects the running of trains, the right of the company is paramount. Although this right of the company is paramount, still a right of action may exist in favor of one who is injured by the negligence of the company's servants. It may be true, and probably is true, that the railroad company has the superior right. *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31. It can not, however, be inferred from this that the citizen has no right to use the track for passage; he does have that right, but it is, perhaps, subordinate to the right of the company.

The cases relied upon by appellant's counsel certainly do not sustain the doctrine that the paramount right of the company absolves it from duty to those who walk along the way upon which its tracks are laid.

The first case cited is *Barker* v. *Hudson River R. R. Co.,* 4 Daly, 274. All that is decided in that case is that a cartman is bound to get off the track when he sees a train approaching, and that the ordinary rules of the road do not apply. But it is tacitly conceded, if, indeed, not directly affirmed, that, where a track is laid in a street, the public may still use it, subject only to the right of the railroad company to move its trains over the track.

The second of the cases cited, and the one chiefly relied on, is that of *Zimmerman* v. *Hannibal, etc., R. R. Co.,* 71 Mo.

476.   In that case it was conceded that as to crossings the rights of the citizen are paramount, but that where the track is laid along a street it is otherwise.  We agree to the doctrine that the rights of the railroad are paramount so far as the running of trains is concerned, but we think that it is so also as to crossings, for citizens must concede the superior right of passage to the trains of the company, wherever the trains are rightfully run.   But the court did not hold the injured · person to be a wrong-doer because he undertook to walk on the track, but he was held guilty of contributory negligence in carelessly going on the track in front of an approaching train.   It is obvious that the case we are commenting on does not decide that the paramount right of the railroad company excludes all persons from travelling along the street occupied by the track ; for what it decides is, that one who does travel along it must not be guilty of contributory negligence, thus fully conceding that one who does exercise care may rightfully travel along it.

The case of *Lake Shore, etc., R. R. Co.* v. *Hart,* 87 Ill. 529, is not in point for several reasons, but it is enough to say that the injured man was at the time of his injury, as the court declares, " walking laterally upon the track where it was exclusively the private right of way of the railroad company."

The case of *Wilbrand* v. *Eighth Avenue R. R. Co.,* 3 Bosw. 314, is against the appellant, for it was there said:  " The public have a right, undoubtedly, to drive upon and across the track, but not so as to interfere with the proper business of the company."

The case of *Jersey, etc., R. R. Co.* v. *Jersey City, etc., R. R. Co.,* 20 N. J. Eq. 61, can not be regarded as in point upon this branch of the case.

The decision in *Adolph* v. *Central Park, etc., R. R. Co.,* 65 N. Y. 554, is very strongly against the appellant, for it was there held that "One travelling upon a city street has a right to drive his wagon upon or across the track of a street railroad,

and this right is not confined to occasions where the other portions of the street are crowded or obstructed. The only limitation of the right is that he must not unnecessarily interfere with the passage of the cars; these have the preference in the use of the track." *Chicago, etc., R. W. Co.* v. *Bert,* 69 Ill. 388, was a street railroad case, and simply decides that wagons must give way to the cars.

We have now examined all of the cases cited by counsel on this particular question, and we have found those that are in point are decisively hostile to the counsel who place them before us. It is, indeed, quite plain that the position taken can not be maintained, for the bare assertion that the right is paramount necessarily implies that there are other rights, although inferior ones, and if this be true, it must also be true that one who carefully exercises the inferior right is not a wrong-doer to whom the company owes no duty.

The case of *Smedis* v. *Brooklyn, etc., R. R. Co.,* 88 N. Y. 13, is directly in point. In that case the track was laid along a public street, and the plaintiff was injured on that street, but not at a crossing, and the company was held liable. The court, in the course of its opinion, said: " But, assuming that the deceased was not attempting to cross at the crossing on Liberty avenue, but was on Van Sinderin avenue when struck, it does not follow as a matter of law that this action can not be maintained. Sufficient evidence was given on the trial to warrant the jury in finding that this avenue was a public street. The defendant did not show, or offer to show, that it had any right upon this street except to lay down a railroad track therein and run cars thereon. The intestate, therefore, had a lawful right to go upon the defendant's track, * * and if while there he was killed by the negligent act of the defendant, and without any want of care on his part, this action can be maintained."

In *Frick* v. *St. Louis, etc., R. R. Co.,* 75 Mo. 595, the plaintiff was struck " midway between Grand avenue and

Theresa street," in the city of St. Louis, and the court, pushing the general doctrine much further than we are required to do here, held the defendant liable. There are other cases in the same court which go still further—much further, indeed, than we should be inclined to do. *Harlan* v. *St. Louis, etc., R. W. Co.*, 65 Mo. 22 ; *Stillson* v. *Hannibal, etc., R. R. Co.*, 67 Mo. 671 ; *Bell* v. *Hannibal, etc., R. R. Co.*, 72 Mo. 50.

In one of our works on railroads it is said : " But although railroad trains and travellers * * have equal rights to public crossings and streets, yet, as an ordinary vehicle is more easily controlled than a train of cars and locomotive, it behooves those travelling in ordinary vehicles to check up and wait for approaching trains to pass." 2 Rorer Railroads, 1049.

It may be that the author is in error in saying that the rights are equal, but, as the authorities show, he is correct in saying that both have rights in a public street. Another author says : " Where a highway is used as a part of a railway line, travellers on the highway have a right to cross the railway line at any point, and not merely at the intersection of other highways, and the railway is liable to one injured while crossing at a point other than the intersection of another highway, if the railway was in any respect negligent in the operation of its line ; and under such circumstances the railway is bound to observe, at every point of its line on the highway, the same precautions which it is bound to observe at an ordinary highway crossing." Railway Accident Law, 157.

Many of the cases go much further than the cases we have cited, for they hold that if the place has been used as a highway for a long period of time, and this use is with the knowledge and permission of the railroad company, it is its duty to treat it as a highway and to take precautions to prevent injury to those who travel over it. *Barry* v. *New York, etc., R. R. Co.*, 92 N. Y. 289 ; *Byrne* v. *New York, etc., R. R. Co.*, 104 N. Y. 362 ; *Harriman* v. *Pittsburgh, etc., R.*

*R. Co.*, 9 Western Rep. 438; *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398; *Bellefontaine, etc., R. R. Co.* v. *Snyder*, 18 Ohio St. 399; *Graves* v. *Thomas*, 95 Ind. 361 (48 Am. Rep. 727). The doctrine of these cases is in harmony with the rule that has long prevailed and has been again and again enforced, and that is, that where the railroad company licenses the public to make a general use of its track it can not treat a citizen who walks upon it as a trespasser. Of the great number of cases asserting this principle we cite only a few: *Davis* v. *Chicago, etc., R. W. Co.*, 58 Wis. 646; *Murphy* v. *Chicago, etc., R. R. Co.*, 38 Iowa, 539; *Bennett* v. *Railroad Co.*, 102 U. S. 577; *Kay* v. *Pennsylvania R. R. Co.*, 65 Pa. St. 269; *Campbell* v. *Boyd*, 88 N. C. 129 (43 Am. Rep. 740).

We conclude our discussion of this branch of the case by a quotation from the opinion of the court in *Kansas Pacific R. W. Co.* v. *Pointer*, 9 Kan. 620: " If," said the court, referring to the plaintiff, " he should show that the place where the injury occurred was on a public street, either in law or fact, he would not be such a trespasser as would relieve the railway company from exercising reasonable and ordinary care and diligence towards him. In fact, he would not be a trespasser at all. The railway company in such a case would be bound to run its trains with reference to him, and to every other person who might be rightfully occupying the street. Such persons would have the same right to be on the street as the railway company. In fact, in this case the legal right of the railway company, and that of the public, to use this ground as a street, seem to be about equal. * * The public used this ground for a street, however, long before the railroad was built. If the plaintiff and the railway company each had a right to use said ground, then it was incumbent on each alike to use ordinary care and diligence to prevent and avoid injuries."

The appellee, although not a trespasser in walking along the track laid in the highway, was, nevertheless, bound to ex-

ercise care to protect himself from injury. He had a right to walk on the track as part of the highway, but it was his duty to use a degree of care proportioned. to the situation and circumstances, and this care extends to the condition of the track and to the running of the trains. We are not inclined to adopt the view that the rights of travellers and the railroad company are equal, although they are mutual; for we think that as to the right of way for the running of trains the rights of the company are paramount. It is, therefore, the duty of one who walks upon a track to use reasonable care to discover and avoid danger. He has no right to go upon the track, even though it is in a public highway, expecting that the company will check its trains to make way for him; on the contrary, he must exercise vigilance, and that vigilance must be correspondent to what he is bound to know is the paramount right of the railroad company. In this case we think the evidence sustains the finding of the jury that the company was negligent and the appellee was not. It must not be forgotten that the appellee was fastened to the track and could not leave it to avoid the coming train; he was powerless to avert the danger even had he seen it in time to have left the track. Nor must it be forgotten that it was through the negligence of the company that the track which traversed the street was made unsafe. It may be, even where the company changes the face of a highway for its own convenience, that it is not bound to make it safer for travellers upon it than its use for a railroad will permit. It may be, too, that one who walks upon it is bound to know that it is a railroad track, and is not safer for use for passage than the object to which it is devoted will allow. But, granting all this, there may still be a recovery, for the evidence satisfactorily shows that the appellee was using such care as even a prudent and careful person of adult age would have used in making his way along the track, that the unsafe condition of the track was due to the negligence of the company, and that it was also negli-

gent in managing its train. The case is an unusually strong one, for there was double negligence on the part of the company.

There is, perhaps, a variance between the allegations of the complaint, as to the precise character of the defect in the track, and the evidence, but the variance is not a material one. Under our statute a verdict can not be set aside for such a variance. R. S. 1881, sections 391, 392, 393.

This is not a case where the plaintiff declares on one theory and gives evidence upon another, so that the cases of *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Mescall* v. *Tully,* 91 Ind. 96, and cases of like character, do not apply.

We have not stopped to inquire as to the effect of the appellee's tender age, for we think he is entitled to a recovery if bound by the same rules as an adult person.

We have disposed of all the questions that the record properly presents, and do not deem it necessary to notice in detail the phases in which they are presented.

Judgment affirmed.

Filed Oct. 12, 1887.