L. O. BATTS v. HOME TELEPHONE AND TELEGRAPH COMPANY.

(Filed 26 September, 1923.)

**1. Negligence—Personal Injury—Permissive Use of Alley.**

Where the owner of a building in a town has continuously permitted his alley between his and an adjoining building to be used as a passage-way by the public, and knowingly and negligently allowed it to become obstructed and dangerous, causing injury therein to the plaintiff, it is sufficient evidence upon the issue of actionable negligence, etc., to be submitted to the jury, and defendant's motion as of nonsuit is properly overruled.

**2. Negligence—Personal Injury—Measure of Damages—Instructions— Appeal and Error.**

An instruction on the issue as to the measure of damages in a personal-injury case, not resulting in death, failing to limit such damages to the present net cash value of the diminution of the plaintiff's earning capacity, caused by the injury, is reversible error; and the rule of damages in such instances given in *Ledford v. Lumber Co.,* 183 N. C., 614; *Johnson v. R. R.,* 163 N. C., 451, cited and approved.

APPEAL by defendant from *Kerr, J.,* at June Term, 1923, of EDGE-COMBE.

Civil action to recover damages for an alleged negligent injury.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Did the defendant company and owner of the alley between its building and the Masonic Temple building permit the same to be used by the public as a passage-way between Main and Washington streets in the city of Rocky Mount? Answer: 'Yes.'

"2. Did the defendant company knowingly and negligently allow said passage-way and alley to become obstructed, or permit an opening

thereon to be and remain open and thereby imperil and endanger those who were permitted to use the same?   Answer :· 'Yes.'

"3. Was plaintiff injured by reason of negligence of defendant, as alleged in the complaint?   Answer: 'Yes.'

"4. Did plaintiff by his own negligence contribute to the injury complained of?   Answer: 'No.'

"5. What damages, if any, is plaintiff entitled to recover?   Answer: 'Eight thousand dollars.' "

Judgment on the verdict in favor of plaintiff.   Defendant appealed.

*J. B. Ramsey and W. O. Howard for plaintiff.*
*L. V. Bassett and Bynum, Hobgood & Alderman for defendant.*

STACY, J.   The defendant's main exception, as stressed on the argument and in its brief, is the one directed to the refusal of the court to grant its motion for judgment as of nonsuit, made first at the close of ·the plaintiff's evidence, and renewed at the close of all the evidence.

There was evidence tending to support the jury's finding on the first three issues; and this, we think, was sufficient to import liability under authority of *Campbell v. Boyd,* 88 N. C., 131; *Monroe v. R. R.,* 151 N. C., 374.   See, also, 20 R. C. L., 65, where the rule applicable is stated as follows:

"Where the owner or occupant of premises, with knowledge and for a long period of time, permits the public to use the premises without objection, for the purpose of traveling across the same on a well-established and safe path or highway, he cannot, without giving notice, render the premises unsafe to the injury of those who have used such highway, and have no notice of the changed condition, without being responsible for the resulting injury."   See, also, *Morrison v. Carpenter,* Anno. Cas., 1915-D, 319, and note.

But we think there was error in the charge on the issue of damages which entitles the defendant to a new trial on this issue.   His Honor instructed the jury as follows:

"In determining this you will award to plaintiff, not the total amount that he could have made, if you find what he could have made, before he was injured, but the present cash value of his net income, that is to say, what he would have received after paying his own personal expenses."

Here the court, inadvertently and for the moment, no doubt, apparently fell into the error of confusing the rule with respect to the measure of damages in actions for wrongful·death with that in actions for personal injuries resulting only in a diminution of the plaintiff's earning capacity.

A correct statement of the rule for the admeasurement of damages, applicable to the present case, will be found in *Ledford v. Lumber Co.*, 183 N. C., 614; *Johnson v. R. R.*, 163 N. C., 451, and it would only be a matter of repetition to restate it here.

For the error, as indicated, there must be a new trial on the issue of damages. But the new trial will be limited to this issue, as we find no error in respect to the other issues. *Pickett v. R. R.*, 117 N. C., 616.

Partial new trial.