P. C. WILLIAMS v. LOUIS JAMES TUCKER.

AND

MRS. FRANKIE STEWART WILLIAMS v. LOUIS JAMES TUCKER.

(Filed 10 April 1963.)

**1. Automobiles § 19—**

A motorist driving through fog must exercise care commensurate with the danger, and may be required to come to a complete stop if the fog is so thick as to render visibility practically nonexistent, and therefore

what constitutes due care under varying atmospheric conditions is ordinarily a question for the jury, with regard both to the issue of negligence and the issue of contributory negligence. G.S. 20-141(c).

**2. Automobiles § 41—**

Evidence that defendant was driving his vehicle some 50 miles per hour in heavy fog and crashed into plaintiff's vehicle which was making a left turn across his lane of travel, *held* to take the issue of defendant's negligence to the jury.

**3. Automobiles § 42h—**

Evidence that plaintiff, driving in heavy fog, reduced speed to five miles per hour, gave a proper left turn signal, and, after careful lookout, failed to see any vehicle or the lights of any vehicle approaching, and thereupon increased speed and attempted to turn left into a driveway, *held* not to show contributory negligence as a matter of law in an action to recover for injuries in a collision with a vehicle approaching from the opposite direction.

**4. Automobiles § 8—**

It is not required that conditions on the highway be such as to make a left turn absolutely free from danger before a motorist may undertake such movement, but a motorist is required only to exercise reasonable care under the circumstances to ascertain, before attempting the movement, that the movement can be made in safety to himself and others.

**5. Automobiles § 7—**

A motorist is not under duty to anticipate negligence on the part of others.

APPEAL by plaintiffs from *Copeland, S.J.,* October 22, 1962, Regular "A" Civil Term of MECKLENBURG.

These are two civil actions consolidated for trial by consent. Plaintiffs seek to recover for personal injury to *feme* plaintiff and property damage sustained by male plaintiff by reason of the alleged actionable negligence of defendant in the operation of an automobile.

Plaintiffs appeal from judgment of nonsuit entered at the close of their evidence.

*Ray Rankin for plaintiffs, appellants.*
*Robinson, Jones & Hewson for defendant, appellee.*

MOORE, J. The inquiry is whether the court erred in granting defendant's motion for nonsuit.

Plaintiffs' evidence, considered in the light most favorable to them, shows:

On the morning of 17 February 1962 *feme* plaintiff drove her husband's (male plaintiff's) station wagon eastwardly on Highway 27 to

the Allen Station community to keep an appointment with a cosmetologist. There was a general fog; "it was very foggy; extremely dense; it was foggy all over." She drove at a speed not exceeding 25 miles per hour; the parking lights were on. The beautician's shop was on the north side of the highway, and a wide gravel driveway led from the highway to the shop. In order to get to the shop it was necessary to turn left and cross the north lane of the highway. The highway was straight, the paved portion was 24 feet wide and the centerline was marked. *Feme* plaintiff reduced speed to 5 miles per hour and gave a left turn blinker light signal; she looked carefully forward for meeting traffic and saw neither a vehicle nor the lights of a vehicle approaching. On account of the fog the visibility was only 75 feet. She did not come to a complete stop. Seeing no approaching traffic, she turned left and increased speed "a little bit to get across and in." After her left wheel had gotten into the driveway, the right side of the station wagon was struck by the front of defendant's automobile. The station wagon was extensively damaged, and defendant's automobile came to rest 30 feet away in the center of the highway. Defendant was travelling at a speed of 50 miles per hour. Male plaintiff, who arrived on the scene a few minutes after the accident and talked to defendant, testified that "he believed Mr. Tucker (defendant) stated in his hearing that he was driving on this occasion about 50 miles per hour." The posted speed limit was 60 miles per hour. The accident occurred about 9:00 A. M.

Plaintiffs allege that the collision was proximately caused by the negligence of defendant in that he operated his car at a speed greater than was reasonable and prudent under the circumstances and failed to reduce speed on account of the foggy weather conditions, G.S. 20-141(a),(c), failed to maintain a reasonable lookout, and failed to keep his car under proper control.

Defendant pleads that plaintiffs were contributorily negligent in that *feme* plaintiff made a left turn without keeping a reasonable lookout and without first ascertaining that the movement could be made in safety, G.S. 20-154(a), failed to maintain proper control, and violated the reckless driving statute, G.S. 20-140(a).

It has been held in extreme cases that where by reason of fog or other conditions visibility is practically nonexistent, motorists are under duty to refrain from entering the highway or to stop if already on the highway. 42 A.L.R. 2d, Anno: Automobiles — Atmospheric Conditions, s. 5, p. 41. For cases in this jurisdiction involving almost such extremity of condition see: *Moore v. Plymouth,* 249 N.C. 423, 106 S.E. 2d 695; *Bradham v. Trucking Co.,* 243 N.C. 708, 91 S.E.

2d 891; *Riggs v. Oil Corp.*, 228 N.C. 774, 47 S.E. 2d 254. But ordinarily a motorist is not negligent or contributorily negligent as a matter of law if he drives an automobile in foggy weather when visibility is poor. *Donlop v. Snyder*, 234 N.C. 627, 68 S.E. 2d 316; *Winfield v. Smith*, 230 N.C. 392, 53 S.E. 2d 251; *Barlow v. Bus Lines*, 229 N.C. 382, 49 S.E. 2d 793; *Clarke v. Martin*, 215 N.C. 405, 2 S.E. 2d 10; *Cole v. Koonce*, 214 N.C. 188, 198 S.E. 637; *Meacham v. R.R.*, 213 N.C. 609, 197 S.E. 189.

"Under the well-recognized general rule that a driver of a motor vehicle must exercise reasonable or ordinary care, the surrounding circumstances are important, and one of such circumstances is the existence of fog obscuring visibility. Therefore, it is said that the driver must exercise care commensurate or consistent with the situation." 42 A.L.R. 2d, Anno: Automobiles — Atmospheric Conditions, s. 4, p. 36. "A motorist should exercise reasonable care in keeping a lookout commensurate with the increased danger occasioned by conditions obscuring his view." *Chesson v. Teer Co.*, 236 N.C. 203, 207, 72 S.E. 2d 407. And this rule applies to both plaintiff and defendant. *Bradham v. Trucking Co.*, supra. " 'The precise degree or quantum of care properly exercisable by a motorist . . . under varying atmospheric conditions, such as fog, smoke, dust, and the like, is ordinarily a question for the jury. Whether the exercise by a driver of reasonable care required a complete stop, a slowing down, or any other precautions dictated by the standard of ordinary prudence, is generally within the province of the jury to decide, in the light of all the surrounding facts and circumstances.' 5A Am. Jur., Automobiles, s. 1070." *Moore v. Plymouth,* supra.

If, as plaintiffs' evidence tends to show, defendant was operating his automobile at about 50 miles per hour through wide-spread and dense fog which limited visibility to 75 feet, and as a consequence he was unable to see the station wagon turning across his lane of travel in time to get his vehicle under control so that he could stop it or turn aside and avoid collision, these facts present for jury determination the question whether his conduct amounted to negligence proximately causing the collision. It is true that the testimony of male plaintiff as to defendant's speed is of questionable probative value; but when considered in connection with the evidence that plaintiffs' station wagon was so injured by the impact that the right head lights, right front door and right rear fender were crushed, the frame bent on the right joint, the right wheel buckled down, the left front door turned around and buried in the left fender, the windshield broken out, the dash bent up, and the steering wheel broken in half, that *feme* plaintiff was

penned in the car, and that defendant's car went 30 feet before it came to rest, we think there is for jury consideration evidence of excessive speed on the part of defendant. A motorist is under statutory duty to decrease speed when special hazard exists by reason of weather and highway conditions, to the end that others using the highway may not be injured. G.S. 20-141(c).

And if, as plaintiffs' evidence tends to show, *feme* plaintiff reduced speed to five miles per hour, gave a proper signal of her intention to turn, and after careful lookout failed to see any approaching vehicle or the lights of such, and then increased speed as she attempted to turn left and leave the highway, such conduct on her part does not, in our opinion, compel the sole inference that she was contributorily negligent as a matter of law. Whether she was contributorily negligent is a jury question. "In the very nature of things, drivers of motor vehicles act on external appearances. . . . The statutory provision 'that the driver of any vehicle upon the highway before . . . turning from a direct line shall first see that such movement can be made in safety' does not mean that a motorist may not make a left turn on a highway unless the circumstances render such turning absolutely free from danger. It is simply designed to impose upon the driver of a motor vehicle, who is about to make a left turn . . . the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made in safety to himself and others before he actually undertakes it." *Cooley v. Baker*, 231 N.C. 533, 536, 58 S.E. 2d 115; *Lemons v. Vaughn*, 255 N.C. 186, 120 S.E. 2d 527. A motorist is not bound to anticipate negligent acts or omissions on the part of other. *Redden v. Bynum*, 256 N.C. 351, 123 S.E. 2d 734. In the case at bar there is not involved the sudden and unexpected envelopment by fog, which would dissipate momentarily (chemical fog), as was the case in *Bradham v. Trucking Co., supra,* upon which defendant relies. What was required of *feme* plaintiff was due care under the circumstances, and whether she exercised such care is for the jury.

*Halback v. Robinson Bros.*, 98 A. 2d 750 (Pa. 1953), and *Bowen v. Manuel*, 144 S. 2d 341 (Fla. 1962), are in all material aspects factually analagous to the instant case. In these cases it was held that the question of contributory negligence was for jury determination.

The judgment below is

Reversed.