FREDERICK KENNETH RIDGE v. WILLIAM P. GRIMES

No. 8122SC30

(Filed 1 September 1981)

**Highways and Cartways § 7.3— construction of highway—sufficiency of evidence of negligence**

Evidence was sufficient to be submitted to the jury in plaintiff's negligence action where it tended to show that defendant, by construction of a street incident to development of his subdivision, with knowledge that it was used as a public road, open to members of the public, incurred thereby a duty to plaintiff, a member of the general public travelling permissively thereon, to maintain it in a safe condition and to give adequate warning of any contrary condition; that the abrupt termination of the pavement just over the crest of a hill, without warning, constituted an unsafe condition; and that defendant's failure to correct this condition, or to give adequate warning thereof, constituted a breach of his duty to plaintiff which proximately caused plaintiff's injuries and damages.

APPEAL by plaintiff from *Davis, James C., Judge.* Judgment entered 12 August 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 3 June 1981.

Plaintiff appeals from a judgment directing a verdict at the close of his evidence and dismissing his negligence action against defendant.

*W. Warren Sparrow for plaintiff appellant.*

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for defendant appellee.*

WHICHARD, Judge.

If plaintiff's evidence, viewed in the light most favorable to him, giving him the benefit of all permissible inferences, tended to support all essential elements of actionable negligence, it was sufficient to survive the motion for directed verdict. *Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 638, 272 S.E. 2d 357 (1980), and authorities cited. His evidence, judged by this standard, was sufficient; and directed verdict thus was granted improperly.

The evidence here, viewed in the light most favorable to plaintiff, established the following facts: Defendant, in or about

1969, developed a subdivision. He continued to own some land and lots therein at the time of plaintiff's accident. Jefferson Drive, a paved street in the subdivision, connects with North Carolina Highway 150. It was constructed at defendant's request incident to development of the subdivision. It had been open to the public since its construction, and defendant knew it was used as "a public road, open to members of the public."

Defendant thought Jefferson Drive was a part of the state highway system. An employee of the North Carolina Department of Transportation had inspected it, however, and had determined that it was not. There were no signs which would have indicated that it was a state road.

On the afternoon of 1 April 1978 plaintiff, while driving his motorcycle, turned from Highway 150 onto Jefferson Drive. He continued thereon until he drove slightly beyond the crest of a hill where, without warning, the pavement abruptly terminated. There he "ran into the dirt, ruts and gravel part at the end of the road, where they looked like they were continuing the road." The motorcycle "flipped," resulting in personal injuries and property damage to plaintiff.

One who constructs means of conveyance, open permissively to the general traveling public, impliedly "invite[s] the public to use them" and incurs thereby a duty "to keep [them] in a safe condition so that no detriment may come to travelers." *Campbell v. Boyd*, 88 N.C. 129, 132 (1833). "[A]s long as the way is left open and the [means of conveyance] remain for the public to use, it is incumbent on those who constructed and maintain them to see that they are safe for all." *Id.*

> A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part of a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel.

Restatement (Second) of Torts § 367 (1965). The duty owed is "not only [to] use care not to injure the visitor by negligent activities, and warn him of [known] latent dangers . . . , but . . . also [to] inspect the premises to discover possible [unknown] dangerous con-

ditions . . . , and take reasonable precautions to protect the invitee from dangers which are foreseeable." W. Prosser, Law of Torts § 61 at 393 (4th ed. 1971). *See also Hughes v. Lassiter,* 193 N.C. 651, 137 S.E. 806 (1927); *Batts v. Telephone Co.,* 186 N.C. 120, 118 S.E. 893 (1923).

A trier of fact could find that defendant here, by construction of Jefferson Drive incident to development of his subdivision, with knowledge that it was used as "a public road, open to members of the public," incurred thereby a duty to plaintiff, a member of the general traveling public permissively thereon, to maintain it in a safe condition and to give adequate warning of any contrary condition. It could find, further, that the abrupt termination of the pavement just over the crest of a hill, without warning, constituted an unsafe condition; and that defendant's failure to correct this condition, or to give adequate warning thereof, constituted a breach of his duty to plaintiff which proximately caused plaintiff's injuries and damages. On the issue of defendant's negligence, then, the evidence, viewed in the light most favorable to plaintiff, presented a question for the trier of fact. Defendant may, by his evidence, establish to the satisfaction of the trier of fact that his duty to plaintiff had been transferred to the State or to some other person or entity. That has not been established as a matter of law by plaintiff's evidence, however.

Defendant contends that the motion for directed verdict nevertheless was properly granted, because the evidence established contributory negligence by plaintiff as a matter of law. A directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence, in the light most favorable to plaintiff, establishes plaintiff's negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *Norwood v. Sherwin-Williams Co.,* 303 N.C. 462, 279 S.E. 2d 559 (1981); *Rappaport v. Days Inn,* 296 N.C. 382, 250 S.E. 2d 245 (1979); *Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 638, 272 S.E. 2d 357 (1980). Plaintiff testified: "I was paying attention to where I was going. I was keeping my eyes and attention directly toward my line of travel up ahead. That didn't mean anything." This evidence was sufficient to permit a finding that plaintiff was exercising due care for his own safety. It thus precluded a conclusion of contributory negligence

as a matter of law and rendered directed verdict on the issue of contributory negligence improper.

Reversed.

Chief Judge MORRIS and Judge WEBB concur.