AMOS F. DAVIS v. CHARLES N. GAMBLE AND FRANKLIN OLIVER

No. 818SC467

(Filed 2 February 1982)

**1. Automobiles § 90.14— farm tractor accident—instructions—prejudicial error**

   An instruction in an automobile accident case which imparted that a farm tractor and trailer on a highway presents a special hazard *per se* was erroneous as the Motor Vehicles Act expressly defines a "farm tractor" as a "motor vehicle," G.S. 20-4.01(11), and thus subjects farm tractors to the "rules of the road" provisions of that act. The instruction rendered a motorist who collided with a farm tractor and trailer on a highway negligent *per se*, regardless of the circumstances or the conduct of the tractor trailer operator, and such is not the law.

**2. Automobiles § 88.1— contributory negligence in passing turning vehicle**

   The trial court properly denied defendants' motions for directed verdict where the evidence permitted an inference that plaintiff did all that the law required in the exercise of due care for his own safety and that of others when he passed a farm tractor with trailer which was turning left and which had not given a left turn signal.

APPEAL by plaintiff from *Bruce, Judge.* Judgment entered 17 December 1980 in Superior Court, LENOIR County. Heard in the Court of Appeals 5 January 1982.

Plaintiff sought recovery for damages to his truck from a collision with a farm tractor and trailer operated by defendant Gamble as agent and employee of defendant Oliver. The jury answered the negligence issue in favor of plaintiff, but answered the contributory negligence issue against him. Plaintiff appeals from a judgment on the verdict dismissing the action with prejudice.

*White, Allen, Hooten, Hodges & Hines, P.A. by John C. Archie, for plaintiff.*

*Barnes, Braswell & Haithcock, P.A., by W. Timothy Haithcock, for defendants.*

WHICHARD, Judge.

The following evidence was uncontroverted:

Plaintiff's agent and employee, Roy Dexter Mozingo, was operating plaintiff's tractor-trailer truck (hereinafter "truck") in a

southerly direction on N.C. Highway 903. Defendant Oliver's agent and employee, defendant Gamble, was operating defendant Oliver's farm tractor and tobacco trailer in the same direction at the same time, some distance in front of Mozingo. As Mozingo approached the tractor-trailer driven by Gamble, he moved into the passing lane for the purpose of going around it. Gamble also moved the tractor and trailer into the passing lane. When the tractor and trailer were partially in the passing lane, Gamble perceived the presence of plaintiff's truck driven by Mozingo; and he "cut right back to the right." As Gamble cut back to the right, plaintiff's truck hit the tobacco trailer which was attached to the farm tractor. Plaintiff's truck was damaged in the collision.

Other pertinent evidence was as follows:

The investigating patrolman testified that Gamble told him he had started to make a left turn from the highway into a private drive; that he heard a horn blow and attempted to turn back to his right; and that there was a collision. He reiterated, on redirect examination, that Gamble told him he had heard a horn sound prior to the collision.

Mozingo testified that he saw the farm tractor and trailer in front of him; that he sounded his horn three or four times and proceeded on; that he "got straightened up in the passing lane and blew [his] horn a couple of more times and proceeded to pass"; that when he was within a truck length of Gamble, Gamble, without signalling, attempted to make a left-hand turn; that he blew his horn again, and Gamble "cut to the right, throwing the tobacco trailer at an angle"; and that plaintiff's truck then hit the side of the trailer. He testified that at no time did he observe any mechanical signals on the tractor, and that Gamble gave no warnings that he was going to make a left turn. Mozingo observed nothing unusual about the operation of the tractor except that Gamble did not look behind him.

Defendant Oliver's wife testified that on the day of the collision she was in her house "about 100 feet off the highway." She heard plaintiff's truck go by, but did not hear a horn sound.

Defendant Gamble testified that he looked back and did not see anything. He started to turn, saw plaintiff's truck, and tried to get back on the right side. He did not hear anything and did

not see the truck until he "got ready to make the turn and . . . looked back the second time." He stated that he did not give a signal.

Defendant Oliver testified that at the time of the collision he was about one-tenth of a mile from the drive into which defendant Gamble attempted to turn. He observed plaintiff's truck in the road, and he heard the collision. He did not hear a horn blow. In his opinion plaintiff's truck was travelling in excess of fifty-five miles per hour.

PLAINTIFF'S APPEAL

[1] Plaintiff assigns error to the following portion of the jury instructions.

> The motor vehicle law also provides that a person who is driving his vehicle within the speed limit, or the fact that a person is driving his vehicle within the speed limit does not relieve that person of the duty and exercise of due care to decrease his speed when some special hazard exists with respect to other traffic on the highway, such as the existence of a farm tractor and trailer riding up and down the highway. Under such circumstances a person must reduce his speed as is necessary to avoid colliding with the farm tractor that is on the highway and avoid causing injury to any person or property on the highway. A violation of this duty is negligence.

The assignment is meritorious.

The Motor Vehicles Act expressly defines a "farm tractor" as a "motor vehicle." G.S. 20-4.01(11) (Cum. Supp. 1981). Unless expressly exempted, operators of farm tractors are thus, like other motorists, subject to the "rules of the road" provisions of that act. G.S. 20-138 *et seq.* No such exemption appears. Consequently, defendant Gamble, while operating defendant Oliver's farm tractor, with trailer attached, was required to see that his turning movement could be made in safety. G.S. 20-154(a) (Cum. Supp. 1981). He was further required to give a signal, plainly visible to drivers of other affected vehicles, of his intention to make such a movement. *Id.* Finally, he was required to "give way to the right in favor of the overtaking vehicle on audible signal." G.S. 20-149(b). Other motorists affected, including plaintiff's agent Mo-

---

---

zingo, had the right to assume that Gamble would delay his movement until it could be made in safety. *Brown v. Brown*, 38 N.C. App. 607, 609, 248 S.E. 2d 397, 398 (1978). "A motorist is not bound to anticipate negligent acts or omissions on the part of other[s]." *Williams v. Tucker*, 259 N.C. 214, 218, 130 S.E. 2d 306, 308 (1963).

The evidence that defendant Gamble did not give a turn signal was uncontroverted. While evidence as to whether plaintiff's agent Mozingo gave an audible signal was conflicting, there was substantial evidence from which the jury could have found that he did. The evidence thus presented permissible inferences that defendant Gamble was negligent in that he failed (1) to see that his turning movement could be made in safety, (2) to give the requisite signal of his intention to make such a movement, and (3) to give way to the right on audible signal from an overtaking vehicle; and that such negligence was a proximate cause of the collision.

The instruction complained of effectively rendered these inferences impermissible. It imparted to a farm tractor and trailer on a highway special hazard status *per se*. It rendered a motorist who collides with a farm tractor and trailer on a highway negligent *per se*, regardless of the circumstances or the conduct of the tractor-trailer operator. Such is not the law; and the error in so instructing was prejudicial, entitling plaintiff to a new trial.

The other errors assigned by plaintiffs are unlikely to arise upon re-trial, and we thus do not discuss them.

DEFENDANTS' APPEAL

[2] Defendants cross assign error to the denial of their motions for directed verdict. They contend plaintiff's agent Mozingo was contributorily negligent as a matter of law in that he increased his speed and attempted to pass without first ascertaining that defendant Gamble was aware of his presence on the highway. The primary basis of their contention is the following from Mozingo's testimony: "I'm not saying it [*i.e.*, blowing of Mozingo's horn] got [Gamble's] attention. I'm saying I blew the horn. When he whipped back over to the right-hand side, that was the first time he had any knowledge that I was in the vicinity."

A directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence, in the light most favorable to plaintiff, establishes plaintiff's negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *Norwood v. Sherwin-Williams Co.,* 303 N.C. 462, 468-469, 279 S.E. 2d 559, 563 (1981); *Rappaport v. Days Inn,* 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979); *Ridge v. Grimes,* 53 N.C. App. 619, 621, 281 S.E. 2d 448, 450 (1981); *Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 642, 644-645, 272 S.E. 2d 357, 360 (1980). The evidence here permitted the inference for which defendant contends. It also, however, permitted an inference that Mozingo's testimony as to defendant Gamble's obliviousness to Mozingo's presence prior to Gamble's "cut back" to the right, reflected Mozingo's post-collision perception, not his perception when he attempted to pass Gamble. It further permitted an inference that Mozingo did all that the law required in the exercise of due care for his own safety and that of others. It thus precluded a conclusion of contributory negligence as a matter of law and rendered directed verdict on the basis of contributory negligence improper.

RESULT

In plaintiff's appeal, new trial.

In defendants' appeal, no error.

Judges CLARK and BECTON concur.