## ELLIE JONES v. SOUTHERN RAILWAY COMPANY AND NORTH CAROLINA RAILROAD COMPANY.

(Filed 16 June, 1930.)

1. **Negligence A c—Owner of land is required to exercise reasonable care for safety of invitee.**

    A license to enter upon the lands of the owner implies permission given, and is more than mere sufferance, while an invitation implies solicitation, desire or request of the owner, and therein the rule affecting the owner's liability for injuries to an invitee while on the premises is more rigid than in the case of a trespasser or mere licensee, and the owner or occupant is required to exercise reasonable care for the safety of an invitee, although he is not an insurer.

2. **Same—Owner is liable where he knows of use of path by licensee and increases the hazard without notice to him.**

    The general rule that the owner or occupant of land is not liable for a personal injury received by a licensee upon his premises caused by defects, obstructions or pitfalls upon the premises, unless the injury is caused by wilful and wanton negligence, is subject to the modification that if the owner knows of the habitual use of his land as a pathway and does some act to increase the hazard or danger without warning the licensee, causing injury without fault of the licensee, the owner or occupant of the land may be held liable as in case of ordinary negligence.

3. **Railroads C c—Where railroad company knowingly permits use of path on right of way and increases the hazard it is liable for injury.**

    Where a railroad company knowingly permits the use of a pathway across its tracks by pedestrians for years without objection, and then fills

1—199

JONES *v.* R. R.

in the track with dirt so as to make pitfalls where the pathway crosses the track, and a pedestrian in attempting to cross the track in the usual way stumbles in the loose dirt and falls and is injured: *Held*, the fact that such pedestrian was a licensee of the company at the time does not prevent his recovering damages resulting from the active negligence of the railroad company in increasing the hazard.

BROGDEN, J., dissenting; STACY, C. J., concurs in dissenting opinion.

APPEAL by defendants from *Lyon, J.,* at January Special Term, 1930, of WAKE. No error.

Action to recover damages for personal injury alleged to have been caused by the negligence of Southern Railway Company, lessee of its codefendant.

Plaintiff alleges that defendants' road crosses Lee Street in Raleigh; that a walkway across the track and roadbed had been used by pedestrians for many years; that the track is on a steep embankment; that the lessee put and negligently left loose dirt between the crossties and between the rails and on both sides of the track; that on 28 July, 1927, the plaintiff started across the track and put her left foot on fresh dirt between the rails; that she then stepped over the east rail and put her right foot on loose dirt between the east rail and the edge of the embankment; that her foot went down "halfway between the knee and the ankle" and struck a rock or clod; that the dirt seemed to be solid; that she was thus caused to stumble and step upon other loose dirt covering a hole about a foot deep; that in this way she was hurled down the embankment and injured; that her right leg was broken; that she suffered other injuries; and that her injuries were proximately caused by the lessee's negligent failure to keep and maintain the crossing in a reasonably safe condition.

The defendants denied the material allegations of the complaint, pleaded contributory negligence, and alleged in bar of the plaintiff's recovery that the defendants owed the plaintiff no duty with respect to the condition of the track and right of way.

The issues were answered as follows:

1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to her injury, as alleged in the answer? Answer: No.

3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $1,250 for personal injury, and medical expenses of $250.00.

Judgment for plaintiff; appeal by defendants for errors assigned.

*C. A. Douglass, R. L. McMillan and R. Roy Carter for plaintiff.*
*Smith & Joyner for defendants.*

JONES *v.* R. R.

ADAMS, J.  The plaintiff contends that the footpath in question had been used by the public for thirty or forty years prior to her injury and that the defendants, knowing this, not only passively failed to keep the path in a reasonably safe condition, but actively increased the danger to pedestrians by filling holes therein with rock and loose dirt.  She offered evidence tending to establish each of these contentions.

The defendants introduced no witnesses.  But they say that the plaintiff's evidence was not sufficient in law to make a case of actionable negligence; that the defendants were under no obligation to the plaintiff to keep the pathway in repair; that the plaintiff was not an invitee but at most only a licensee; that the defendants violated no duty they owed to a permissive user; that according to her own testimony the plaintiff was negligent; and, finally, that the action should have been dismissed, upon their motion, as in case of nonsuit.

One of the chief controversies between the parties grows out of a difference of opinion between them as to whether the plaintiff had a bare license to use the crossing or whether she used it in the capacity of an implied invitee.

The defendants admit that the plaintiff was not a trespasser.  If a person is not a trespasser and has no invitation express or implied to enter upon the premises of another, he is a licensee if his entry is permitted by the owner or the occupant.  An invitee is one who goes upon the property of another by the express or implied invitation of the owner or the person in control.  A license implies permission and is more than mere sufferance; an invitation implies solicitation, desire, or request.

The owner or occupant of property, while not an insurer, owes to an invitee the duty of exercising ordinary and reasonable care for his safety.  It is otherwise with respect to a licensee.  The law as a rule imposes no duty on the owner or occupant to keep his premises in a suitable condition for those who come upon it solely for their own convenience or pleasure.  As stated in *Brigman v. Construction Co.,* 192 N. C., 791, the general rule is that a trespasser or permissive or bare licensee upon the property of another cannot recover for personal injury resulting from defects, obstacles, or pitfalls upon the premises unless the injury is caused by negligence which is wanton or wilful.  This is the general rule.  As to a licensee the duties of a property owner are substantially the same as with respect to a trespasser; but an essential difference arises out of conditions which impose upon the owner or occupant of property the duty of anticipating the presence of a licensee.  45 C. J., 796, sec. 201.  This difference is recognized in *Brigman's case, supra,* and in *Money v. Hotel Co.,* 174 N. C., 508.  In the latter it is said that the general rule given above requires some qualification as to persons on premises by permission, or under license express or implied, whose

presence could reasonably be anticipated at or near the point of danger; and in the former case it is said: "The strict rule exempting the owner of premises from liability to a licensee is ordinarily applied when the negligence of the owner is passive. If the owner, while the licensee is upon the premises in the exercise of due care, is affirmatively and actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased hazard and danger, the owner will be liable for injuries sustained as a result of such active and affirmative negligence."

The suggested modification of the general rule was adverted to in *Monroe v. R. R.,* 151 N. C., 374. After setting forth in an excerpt from *Sweeney v. R. R.,* 10 Allen, 368, 87 Anno. Dec., 644, the usually applied principle that a licensee who enters on premises by permission only, without enticement, allurement, or inducement held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls, the Court pertinently said: "Nor does the application of this principle protect from liability the owner of a lot or a railroad company who, with knowledge of the user of his property as a pathway across or along it, places without warning to those likely to use the pathway, a new and dangerous pitfall or obstruction."

With these principles in mind we deem it needless to embark upon a discussion of other distinctions between the rights of a licensee and an invitee; for conceding, as the defendants contend, that the plaintiff was a licensee, we find in the record at least some evidence, "more than a scintilla," that the defendants, knowing the path was regularly used by pedestrians, placed upon the roadbed a quantity of loose dirt which increased the hazard of using the path, and that they neglected to give notice or warning, actual or constructive, of the changed conditions. "Where the owner or occupant of premises, with knowledge and for a long period of time, permits the public to use the premises without objection, for the purpose of traveling across the same on a well established and safe pathway or highway, he cannot, without giving notice, render the premises unsafe to the injury of those who have used such highway, and have no notice of the changed condition, without being responsible for the resulting injury." 20 R. C. L., 65, *Balts v. Tel. Co.,* 186 N. C., 120. This view of the case was left to the consideration of the jury and answered adversely to the defendants.

After due consideration of the exceptions addressed to the charge we have found no error therein pointed out which entitles the defendants to a new trial. It necessarily follows from what we have said that no error was committed in the court's refusal to dismiss the action.

No error.

BROGDEN, J., dissenting: As I interpret the record, the place where plaintiff was injured was not a public crossing. It was no more than a walkway made by plaintiff and others for their own convenience. The defendant had done nothing to invite the public to cross its tracks at that point. Consequently, plaintiff and others using the tracks for their own convenience should be required to take the premises as they found it. There was no evidence that the defendant increased the hazard by active negligence while the plaintiff was upon the track and there were no pitfalls, mantraps or dangerous excavations. The defendant had merely sanded its track at a point where plaintiff and others had made a path for their own convenience. To impose liability upon the defendant for sanding its track at a point where pedestrians have used it for their own purposes, strikes me as an unreasonable burden.

STACY, C. J., concurs in dissenting opinion.