MARGARET J. BRADY v. CAROLINA COACH COMPANY, A CORPORATION, AND DONNIE GAY

No. 68SC178

(Filed 14 August 1968)

**1. Negligence § 53— duties to invitees**

A proprietor has the duty to exercise ordinary care to keep his premises in a reasonably safe condition so as not to expose invitees unnecessarily to danger and to give warning of hidden conditions and dangers of which he has express or implied knowledge.

**2. Negligence § 53— duties to invitees — obvious conditions**

A proprietor is under no duty to warn an invitee of an obvious condition or of a condition of which the invitee has equal or superior knowledge.

**3. Negligence §§ 53, 56— duties to invitees — fall upon the floor — negligence**

The operator of a restaurant does not insure his patrons against slipping and falling upon the floor, nor does the mere fact that one slips and falls upon the floor constitute evidence of negligence.

**4. Negligence § 54— duties of invitee**

An invitee has the duty to see that which can be seen in the exercise of ordinary prudence and to use reasonable safeguards to protect himself.

**5. Negligence § 57— action by invitee — slippery floors — sufficiency of evidence**

In an action for injuries sustained when plaintiff invitee slipped and fell on the floor of a restaurant, evidence that while seated at the lunch counter plaintiff observed another customer spill coffee on the counter and observed a waitress wipe the coffee from the counter, that while leaving the counter ten minutes later plaintiff's foot slipped on the floor,

causing her to fall, that a spot of coffee with a mark through it was then observed on the floor, and that coffee had run to the floor from a raised platform to which counter stools were attached, *is held* insufficient to be submitted to the jury on the issue of negligence on the part of the restaurant proprietor.

**6. Landlord and Tenant § 8— liability of landlord to invitees of tenant**

When property is demised in a good condition and state of repair, suitable for the reasonable, ordinary and contemplated use of the premises by the lessee and the contemplated use is not one which, in itself, must prove to be offensive, obnoxious or dangerous to third persons, the tenant, and not the owner or landlord, is liable for injuries to a third person caused by the negligently created condition or use of the premises.

**7. Landlord and Tenant § 8; Negligence § 57; Carriers § 19— liability of landlord to invitees of tenant — sufficiency of evidence**

In an action for injuries sustained when plaintiff bus passenger slipped and fell on the floor of a restaurant operated by a lessee of a bus company, nonsuit is properly allowed in the action against the bus company where there is no allegation or evidence that the bus company was negligent in leasing the premises to the restaurant operator.

APPEAL by plaintiff from *May, J.,* 26 February 1968 Session, WILSON Superior Court.

On 25 July 1963, the plaintiff purchased a ticket at Smithfield, North Carolina, to travel by Carolina Coach Company from Smithfield to Portsmouth, Virginia. The plaintiff and her mother boarded the Carolina Coach Company passenger bus at Smithfield and rode thereon to the bus terminal at Wilson, where the bus made a stop.

In the bus terminal building at Wilson was a restaurant, or refreshment counter, operated by the defendant Donnie Gay under a lease from the defendant Carolina Coach Company. The seating arrangement for customers of the restaurant was composed of a row of revolving, round, flat-top stools mounted on pedestals secured at their bottoms to a raised platform immediately in front of the counter. The platform to which the pedestals of the stools were attached was 23 inches in width and raised five and one-half inches from the floor. This raised platform was painted with yellow stripes and overhead was a sign bearing the words "watch your step." The main floor covering was a predominantly brown colored tile and the interior of the building was well-lighted from overhead fixtures.

Plaintiff and her mother entered the bus terminal for the purpose of getting refreshments. There were several people and three Carolina Coach Company drivers ordering food and drink at the restaurant counter. One or more waitresses were behind the counter serving customers. Plaintiff and her mother took seats at the lunch

counter, and while so seated, a bus driver, seated or standing, to plaintiff's mother's right, spilled coffee on the counter. Some of this coffee splashed on plaintiff's mother, but none came down as far as plaintiff's position and none splashed on the floor. The plaintiff, seated to the left of her mother, observed this mishap and observed the waitress wipe the coffee from the counter.

After about ten minutes, plaintiff turned to leave, and in getting up from the stool, she placed her right foot directly upon the main floor level behind where she had been sitting. Her right foot "slid" from under her and she fell backwards against the stool. Plaintiff looked before she stepped, but saw nothing on the floor and she was aware of the raised platform upon which the stools were secured. She was wearing a "medium heel pump type shoe."

After plaintiff fell, several men and women helped her up and seated her upon one of the seats in the "waiting room" section of the terminal. Plaintiff's mother then observed a spot of coffee about four to five inches in diameter located about eight and one-half inches from the raised platform, with a mark "maybe a couple of inches" wide through it. Plaintiff's mother also testified that she saw where the coffee had run down from the raised platform to the floor in these words: "Well I could see where it kindly come down, just a damp spot there, more or less. It wasn't puddled up right there where it kind of come down from that platform where it went over."

In her fall, plaintiff suffered injury to her shoulder and brings this action for damages alleging negligence of both defendants in allowing the floor to become wet and slippery. At the close of plaintiff's evidence, judgment of involuntary nonsuit was entered as to each defendant. Plaintiff appealed.

*Gardner, Connor and Lee, by J. M. Reece, for plaintiff appellant.*

*Thorp and Etheridge, by William D. Etheridge, for Carolina Coach Company, defendant appellee.*

*Dupree, Weaver, Horton, Cockman and Alvis, by Jerry S. Alvis, for Donnie Gay, defendant appellee.*

BROCK, J.

[5]    By her evidence and argument, plaintiff bottoms her whole case upon the theory that the coffee spilled by the bus driver ran down the counter, across the raised platform and onto the floor, and that plaintiff slipped and fell because of this coffee on the floor. However, taking the evidence in the light most favorable to the

plaintiff, there is no testimony, or other explanation, to connect a spot of coffee on the floor immediately behind the plaintiff with coffee that was spilled some distance away to her mother's right. Although plaintiff's mother described a "damp" spot running out onto the floor from beside her right foot, plaintiff was seated to her left; this is in no way connected with a location behind where plaintiff was seated. Also, plaintiff's testimony that she looked before she stepped onto the floor and that she saw no wet spot is considerable evidence that there was no wet spot on the floor at the point she put her foot down.

Clearly there were numerous other people being served at the counter and walking back and forth behind plaintiff, anyone of whom might have spilled a little coffee or some other liquid on the floor, either before plaintiff slipped, or while they were trying to assist her after she slipped. The plaintiff's evidence affirmatively shows there was no wet spot on the floor when she took her seat, and, having remained only about ten minutes, the spilling of a little coffee by another customer within that interval of time would hardly give defendants reasonable time to acquire notice under the circumstances disclosed by the evidence in this case.

[1-5]    Nevertheless, proceeding upon plaintiff's theory, there is plenary evidence that plaintiff had full knowledge that a cup of coffee had been spilled on the counter to her mother's right, and she had as much opportunity as anyone to anticipate that some of the coffee might run down the counter and onto the floor. If there was danger of this occurring, it was as obvious to the plaintiff as to the defendants. Plaintiff was an invitee and it was the duty of defendant Donnie Gay to exercise ordinary care to keep the premises which plaintiff was to use in a reasonably safe condition, so as not to expose her unnecessarily to danger, and to give warning of hidden conditions and dangers of which he had knowledge, express or implied. However, defendant Donnie Gay was under no duty to warn plaintiff, as an invitee, of an obvious condition or of a condition of which plaintiff had equal or superior knowledge. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483. The operator of a restaurant does not insure his patrons against slipping or falling upon the floor. Nor does the mere fact that one slips and falls on a floor constitute evidence of negligence. The invitee has the duty to see that which can be seen in the exercise of ordinary prudence, and to use reasonable safeguards to protect herself. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 157 S.E. 2d 537.

[5]    Plaintiff's evidence fails to show a breach of duty on the part of Donnie Gay.

[6, 7]    Plaintiff argues that defendant, Carolina Coach Company, owed to the plaintiff the highest degree of care for her safety so far as is consistent with the practical operation and conduct of its business. In support of this plaintiff cites *Harris v. Greyhound Corporation*, 243 N.C. 346, 90 S.E. 2d 710. In the *Harris* case the question was one of structure of the building, and is not applicable to the case *sub judice*. When property is demised in a good condition and state of repair, suitable for the reasonable, ordinary and contemplated use of the premises by the lessee and the contemplated use is not one which, in itself, must prove to be offensive, obnoxious, or dangerous to third persons, the tenant, and not the owner or landlord, is liable for injuries to a third person caused by the negligently created condition or use of the demised premises. 32 Am. Jur., Landlord and Tenant, Sec. 817, p. 695. There is no allegation or evidence that Carolina Coach Company was negligent in leasing the premises to Donnie Gay; all of the evidence tends to show that Donnie Gay and his employees were reputable and experienced in the operation of a restaurant. The high degree of care urged by the plaintiff would require Carolina Coach Company to constantly oversee the operation of the restaurant; and, under the circumstances of this case, we hold that such a burden would not be consistent with the practical operation and conduct of its business as a common carrier.

As to both defendants the entry of judgment of nonsuit is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.