TERESA E. VERA, Plaintiff v. FIVE CROW PROMOTIONS, INC., d/b/a
PTERODACTYL CLUB; E.C. GRIFFITH COMPANY; and BILL STUART, Defendants

No. COA97-394

(Filed 1 September 1998)

### 1. Appeal and Error— summary judgment for some defend-ants—immediate appeal

In plaintiff's negligence action against the owner, lessee and sublessee of property used for a nightclub, the trial court's orders granting summary judgment for the owner and lessee were immediately appealable since plaintiff had a substantial right to have the issue of liability as to all parties tried by the same jury in order to avoid inconsistent verdicts in separate trials, and thus to have her appeal of the grant of summary judgment for the owner and the lessee heard prior to the final resolution of her action against the sublessee.

### 2. Premises Liability— licensee—criminal act of third party—owner not liable

Assuming oral agreements for a parking area for a nightclub operated by a sublessee did not include a vacant lot one block from the nightclub on which plaintiff was shot during an attempted robbery after she left the nightclub, plaintiff was a licensee of the owner of the vacant lot, and the owner was not liable to plaintiff for failure to protect her from foreseeable criminal activities of third parties where plaintiff did not allege that the owner was willfully or wantonly negligent and the record would not support such a finding. Furthermore, the lessee had no duty to plaintiff because he had no interest in the vacant lot.

### 3. Premises Liability— lessor without possession or control—protection of tenant's invitees from criminal acts—absence of duty

A lessor without possession or control of leased premises had no duty to protect the tenant's invitees from the criminal acts of third parties. Therefore, the owner and lessee of a subleased nightclub and vacant lot used for nightclub parking were not liable to a nightclub patron (invitee) for injuries she received when she was shot during a robbery attempt on the vacant lot after she left the nightclub. The owner and lessee had no duty to require their respective lessee or sublessee to provide adequate

VERA v. FIVE CROW PROMOTIONS, INC.

[130 N.C. App. 645 (1998)]

exterior lighting and security, to maintain the premises in a safe condition, or to ascertain the level of criminal activity on or near the premises before leasing the premises as a nightclub.

Appeal by plaintiff from orders granting summary judgment in favor of defendants E.C. Griffith Company and Bill Stuart entered 21 November 1996 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Appeal by defendant Five Crow Promotions, Inc. from order denying its summary judgment motion entered 13 December 1996 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 January 1998.

*The Warren Firm, by C. Jeff Warren, for plaintiff.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Scott M. Stevenson and Allen C. Smith, for defendant Five Crow Promotions, Inc.*

*Golding, Meekins, Holden, Cosper & Stiles, L.L.P., by Harvey L. Cosper, Jr. and E. Danielle Thompson, for defendant E.C. Griffith Company.*

*Morris, York, Williams, Surles & Brearley, by R. Gregory Lewis and Anna L. Baird, for defendant Bill Stuart.*

LEWIS, Judge.

This case arises out of a shooting that occurred in the early morning hours of 31 October 1992. Plaintiff, then a college senior, had left a nightclub called the Pterodactyl Club and was walking to her car with several friends when she was shot in the face by an unknown assailant during an unsuccessful robbery attempt.

The Pterodactyl Club is located at 1600 Freedom Drive in Charlotte. Plaintiff was parked at 900 Woodruff Place (the Woodruff field) which is a vacant, undeveloped lot at the corner of Woodruff and Freedom Drive, one block away from the Pterodactyl Club. There is some parking available at the Pterodactyl Club and there is an unpaved parking area between the club and the Woodruff field. Plaintiff was on the Woodruff field when she was shot.

Plaintiff brought this negligence action against the defendants, each of whom has some interest in property relevant to this case. Defendant E.C. Griffith Company (Griffith) is the owner of all of the property relevant to this case: the 1600 Freedom Drive property, the

VERA v. FIVE CROW PROMOTIONS, INC.

[130 N.C. App. 645 (1998)]

unpaved parking area next to the club, and the Woodruff field. Griffith is a corporation in the business of leasing commercial property. Defendant Bill Stuart (Stuart) began leasing the 1600 Freedom Drive property from Griffith in 1976. Since that time, Stuart has sublet the property to a series of subtenants who have operated a variety of businesses on the property. Defendant Five Crow Promotions, Inc. (Five Crow) has sublet the 1600 Freedom Drive property from Stuart since 1987. Five Crow owns and operates the Pterodactyl Club.

Griffith and Stuart renewed the lease of the 1600 Freedom Drive property on 26 April 1991. It later came to Griffith's attention that patrons of the Pterodactyl Club were parking on Griffith's land which was near, but not part of, the leased property. Griffith and Stuart entered into an oral agreement for the payment of additional rent for use of a parking area near the Pterodactyl Club. Stuart and Five Crow subsequently entered into an identical sublease.

The defendants are in dispute as to the area contemplated by these oral agreements. Griffith believes that the agreement included Woodruff field. Stuart and Five Crow believe that only the unpaved parking area adjacent to 1600 Freedom Drive was contemplated. Additional facts will be discussed as necessary.

Plaintiff alleges that the defendants were negligent in failing to protect her, as an invitee on the property, from the foreseeable criminal activity of third parties. Specifically, plaintiff cites the lack of adequate lighting and security personnel despite the high number of violent crimes on and around the relevant properties in the months leading up to her attack.

All three defendants moved for summary judgment. The trial court granted summary judgment in favor of Griffith and Stuart but denied Five Crow's motion. Plaintiff appeals the grant of summary judgment in favor of Griffith and Stuart. Five Crow appeals the denial of its motion. We affirm the summary judgment orders in favor of Griffith and Stuart. We dismiss Five Crow's appeal as interlocutory.

[1] The threshold issue is whether these appeals are properly before us. All three summary judgment orders are interlocutory as they are not final determinations of all of the claims and of the rights and liabilities of all of the parties. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 164, 265 S.E.2d 240, 242, *review allowed and appeal dismissed*, 301 N.C. 92 (1980). Interlocutory orders are appealable only as allowed by N.C. Gen. Stat. § 1A-1 Rule 54(b) (1990), N.C. Gen. Stat. § 1-277 (1996), or N.C. Gen. Stat. § 7A-27(d) (1995).

The court below did not certify these orders for appeal and, therefore, Rule 54(b) does not apply. We may, relying on G.S. 1-277 and 7A-27(d), allow plaintiff's appeal if the order affects a "substantial right." Although it has been said that the substantial right test is "more easily stated than applied" and usually depends on the facts of the particular case, *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978), the correct result in this case is clear.

The "right to have the issue of liability as to all parties tried by the same jury" and the avoidance of inconsistent verdicts in separate trials have been held by our Supreme Court to be substantial rights. *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408-09 (1982). Plaintiff has a substantial right in having her appeal of the summary judgment orders entered in favor of Griffith and Stuart heard prior to the final resolution of her action against Five Crow. We hold, therefore, that plaintiff's appeal is properly before this Court.

A denial of summary judgment, however, does not affect a substantial right and is not immediately appealable. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 424, 302 S.E.2d 868, 871 (1983). We, therefore, dismiss defendant Five Crow's appeal. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980).

Plaintiff argues that the trial court erred in granting summary judgment in favor of Griffith and Stuart because there are material facts in dispute as to each essential element of her claim. We disagree.

Summary judgment is properly granted where the movant shows that an essential element of the opposing party's claim is non-existent or that no genuine issue of material fact exists. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). If the movant demonstrates that an essential element of the nonmovant's claim is lacking then summary judgment should be granted unless the nonmovant responds with a forecast of evidence establishing that there is a genuine issue of material fact. *See Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982).

There is a dispute among the defendants as to which area of land was contemplated by the oral agreements. Griffith asserts they included Woodruff field but Stuart and Five Crow contend only the vacant lot adjacent to the club was included. In either case, Griffith and Stuart were entitled to judgment as a matter of law.

**[2]** First, assuming that the oral agreements included the adjacent lot next to the club and not Woodruff field, then Five Crow and Stuart would have no property interest in Woodruff field, Griffith would be the owner of Woodruff field and plaintiff, for the reasons set forth below, would be Griffith's licensee.

A licensee is one who enters the owner's property with the owner's consent, express or implied, but does so for her own interest, convenience or gratification. *See McCurry v. Wilson*, 90 N.C. App. 642, 644, 369 S.E.2d 389, 391 (1988). "Consent to enter is implied when people have repeatedly made similar use of the premises with the owner's knowledge and when the owner has not acted to stop such use." David A. Logan and Wayne A. Logan, *North Carolina Torts*, § 5.30, at 115 (1996) (*citing Wagoner v. R.R.*, 238 N.C. 162, 77 S.E.2d 701 (1953)). An invitee is one who enters the premises in response to "the express or implied invitation of the owner or the person in control." *Jones v. R.R.*, 199 N.C. 1, 3, 153 S.E. 637, 638 (1930). Plaintiff would be a licensee rather than an invitee of Griffith. The relationship between her patronage of the Pterodactyl Club and Griffith's underlying ownership of the 1600 Freedom Drive property is too attenuated to support a finding of invitee status.

A landowner's duty to a licensee is "to refrain from willful or wanton negligence and from the commission of any act which would increase the hazard." *Dunn v. Bomberger*, 213 N.C. 172, 175, 195 S.E. 364, 366 (1938). Plaintiff does not allege, nor does the record support, that Griffith was willfully or wantonly negligent. Stuart, having no interest in the property, of course would have no duty to plaintiff. An essential element of plaintiff's claims against Griffith and Stuart would, therefore, be nonexistent.

**[3]** If, on the other hand, it is assumed that the oral agreements included the Woodruff field, the parties' relationships would be as follows: Griffith, owner and lessor; Stuart, lessee and sublessor; Five Crow, sublessee; plaintiff, invitee of Five Crow.

Plaintiff's complaint alleges that the defendants breached their duty to protect her, as an invitee, from the foreseeable criminal acts of third parties while on their premises. She contends that the defendants were negligent in failing to provide adequate security, lighting and warnings of criminal activity for Pterodactyl Club patrons.

Plaintiff points to *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 639-40, 281 S.E.2d 36, 38-39 (1981), for the proposition that

a landowner has a duty to protect his business invitees from the foreseeable criminal acts of third parties. In *Foster*, our Supreme Court held that the plaintiff had alleged a cause of action for negligence sufficient to survive summary judgment where she brought suit against mall owners alleging that she had been attacked in the mall parking lot and that the owners had provided inadequate security in light of the thirty-one criminal incidents which had occurred in the parking lot in the preceding year. *Id.* at 643, 281 S.E.2d at 41. Plaintiff likewise contends that the security at the Pterodactyl Club was insufficient in light of the criminal activity on and near the premises in the months leading up to her attack.

We note that cases addressing this premises liability issue have used the terms "landowner" and "possessor of land" interchangeably. Often the owners and possessors of land are the same. For instance, in *Foster*, the plaintiff was injured in the mall parking lot which was both owned and possessed by the mall owners. However, in the present case, the owner, Griffith, and the possessor, Five Crow, are separate parties. Indeed, Five Crow is a corporation in which Griffith has no interest. Both Griffith and Stuart have leased their interest in the land and retained no right of control or possession. We are not aware of any North Carolina case in which a commercial landlord who was not in possession and had no right of control of the subject land was held to owe a duty to his tenant's invitees such as plaintiff asks this Court to recognize. Instead this Court has stated that such a duty is unreasonable. *See Brady v. Carolina Coach Co.*, 2 N.C. App. 174, 178, 162 S.E.2d 514, 517 (1968) (holding that lessor was not liable where plaintiff slipped on spilled coffee and was injured in lessee's restaurant facility).

It is a "well established common law principle that a landlord who has neither possession nor control of the leased premises is not liable for injuries to third persons." *Craig v. A.A.R. Realty Corp.*, 576 A.2d 688, 694 (Del.Super.), *aff'd*, 571 A.2d 786 (Del.Supr.), *reargument denied*, 1989 WL 100485 (Del.Super. 1989) (citing Thompson, *Commentaries on the Modern Law of Real Property*, § 1241, p. 243 (1981)); *see Restatement (Second) of Torts* §§ 355, 360. Cases from other jurisdictions have similarly relied on the degree of control that a commercial lessor exercises to determine the existence of a duty to protect the lessee's invitees from criminal acts. *See Rowe v. State Bank of Lombard*, 531 N.E.2d 1358, 1366 (Ill. 1988) (determination of duty on the part of lessor to protect employees of tenant from criminal acts of third parties depends on whether lessor retains con-

trol of the premises); *Daily v. K-Mart Corp.*, 458 N.E.2d 471, 472 (Ohio Com.Pl. 1981) (lessor not liable to tenant's business invitee attacked in parking lot where lessor did not retain control of parking lot).

This Court stated in *Brady* that "[w]hen property is demised in a good condition and state of repair, suitable for the reasonable, ordinary and contemplated use of the premises by the lessee and the contemplated use is not one which, in itself, must prove to be offensive, obnoxious, or dangerous to third persons, the tenant, and not the owner or landlord, is liable for injuries to a third person caused by the negligently created condition or use of the premises." 2 N.C. App. at 178, 162 S.E.2d at 517. We hold that a lessor without possession or control of leased premises has no duty to protect the tenant's invitees from the criminal acts of third parties.

As implied in *Brady*, however, a lessor may be liable if the premises were leased in an unsafe condition. The record contains affidavits in support of plaintiff's claim which allege that Griffith and Stuart were negligent in leasing the 1600 Freedom Drive property without providing or requiring their respective lessee or sublessee to provide adequate exterior lighting and security, by failing to require their lessee or sublessee to maintain the premises in a safe condition, and by failing to ascertain the level of criminal activity on or near the premises before leasing the premises as a nightclub. We do not read *Brady*, however, to require such actions on the part of lessors.

Thus, defendants Griffith and Stuart were entitled to judgment as a matter of law and the orders of the trial court granting summary judgment in their favor are

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.