UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD R. CUMMINGS; LINDA
CUMMINGS,
<u>Plaintiffs-Appellants,</u>

No. 98-1895

v.

WAL-MART STORES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Russell A. Eliason, Magistrate Judge.
(CA-97-54-2)

Argued: April 9, 1999

Decided: May 14, 1999

Before HAMILTON, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Nancy Pulliam Quinn, THE QUINN LAW FIRM,
Greensboro, North Carolina, for Appellants. Scott Conrad Gayle,
FISHER, GAYLE, CLINARD, CRAIG & LACKEY, P.A., High
Point, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Cummings (Donald) was injured at a Wal-Mart store in Greensboro, North Carolina, when a side-mount car battery, which he was attempting to return, exploded while two Greensboro Wal-Mart employees were attempting to test it. Subsequently, Donald and his wife, Linda Cummings (Linda), filed suit in North Carolina state court against the Greensboro Wal-Mart for damages for the injuries Donald suffered, allegedly as a result of the negligence of the Greensboro Wal-Mart and its employees, and for the loss of consortium Linda allegedly suffered derivatively. In the complaint, Donald and Linda averred, inter alia, that two Greensboro Wal-Mart employees negligently failed to use a proper testing procedure while testing the side-mount battery and negligently failed to ensure Donald's safety while testing the side-mount battery. After the case was removed to the United States District Court for the Middle District of North Carolina, see 28 U.S.C. § 1441, the district court granted summary judgment for the Greensboro Wal-Mart on these two claims based upon its conclusion that recovery was barred because Donald was contributorily negligent for standing over the side-mount battery while he knew that the Greensboro Wal-Mart employees were using an improper testing procedure that could cause the side-mount battery to explode. Donald and Linda appeal, and we now affirm.

I

Donald is a thirty-year career auto mechanic who bought a side-mount battery for his car from a Wal-Mart store in Greensboro, North Carolina, sometime in 1993. On August 31, 1995, because the side-mount battery would not "crank," Donald attempted to return the side-mount battery, which was still under warranty, to the Greensboro Wal-Mart for credit against a new battery. (J.A. 63). Donald entered the store and took the side-mount battery to the customer service

2

counter and placed it on the counter to be tested. According to Donald's deposition testimony, a side-mount battery is tested by first inserting bolts into holes on the side of the battery and then affixing battery cable clamps to the inserted bolts.

Carolyn Hummel, an employee of the Greensboro Wal-Mart, arrived at the customer service counter with a battery testing machine. The Greensboro Wal-Mart's battery testing machine had a main control center with a dial and two attached battery cables with clamps on the ends. According to Donald's deposition testimony, he knew that testing a side-mount battery by touching the battery cable clamps to the holes on the side-mount battery without first inserting bolts could cause a spark and result in an explosion. However, Donald stood over the side-mount battery at the customer service counter and watched silently as Hummel tested Donald's side-mount battery without first inserting bolts.

After at least one unsuccessful attempt to test the side-mount battery by touching the clamps to the side holes on the side-mount battery without first inserting bolts, Hummel paged an employee from the automotive division for assistance. Greensboro Wal-Mart employee David Kellam arrived to assist with the testing. With Hummel operating the dial on the battery testing machine, Kellam tested the side-mount battery by, without inserting bolts, touching the clamps to the side holes of the side-mount battery at least twice. Donald remained standing at the customer service counter "right there over [the battery]," watching silently. (J.A. 78). At this point, the side-mount battery exploded and battery acid and fumes sprayed Donald, causing him injury.

Donald and Linda filed suit against the Greensboro Wal-Mart in North Carolina state court for damages for the injuries that Donald sustained as a result of the side-mount battery explosion and the loss of consortium that Linda suffered derivatively. Donald alleged, inter alia, that the Greensboro Wal-Mart employees negligently failed to use a proper battery testing procedure while testing the side-mount battery and negligently failed to use proper care to ensure Donald's safety while testing the side-mount battery.[1] As a result of the Greens-

_____

[1] In his complaint, Donald also alleged that Greensboro Wal-Mart employees negligently failed to respond properly to the side-mount bat-

3

boro Wal-Mart and its employees' actions, Donald alleged that he suffered burns on his face, neck, arms, and hands; damage to his false teeth and dental plate; and subsequent ringing in his ears. Linda alleged the loss of the full society, companionship, consortium, and services of Donald.

The Greensboro Wal-Mart removed the action to the United States District Court for the Middle District of North Carolina. See 28 U.S.C. § 1441. At the close of discovery, the Greensboro Wal-Mart moved for summary judgment, contending that Donald failed to establish a genuine issue of material fact as to its negligence and asserting that Donald's contributory negligence barred his claims. Specifically, the Greensboro Wal-Mart contended that Donald was contributorily negligent for standing over the side-mount battery, knowing that the improper testing could cause an explosion.

The district court granted summary judgment in favor of the Greensboro Wal-Mart on all claims. With respect to Donald's claims that the Greensboro Wal-Mart employees negligently failed to use a proper testing procedure while testing the side-mount battery and negligently failed to ensure Donald's safety while testing the side-mount battery, the district court concluded that Donald's deposition testimony, when viewed in the light most favorable to his wife and him, established that the Greensboro Wal-Mart employees were negligent. However, the district court concluded that Donald was contributorily negligent in standing over the side-mount battery during the testing, with knowledge (1) that the testing was improper, (2) that there was a danger that the side-mount battery could explode, and (3) that the testing area was not safe because of the improper testing. Accordingly, because Donald's contributory negligence barred recovery on his claims that the Greensboro Wal-Mart employees negligently failed to use a proper testing procedure while testing the side-mount battery and negligently failed to ensure Donald's safety while testing the

_____

tery explosion and to Donald's injuries; the Greensboro Wal-Mart negligently failed to properly train employees in battery testing procedures and in the procedures for responding to emergency situations; and the Greensboro Wal-Mart negligently failed to maintain proper emergency equipment.

4

side-mount battery, the district court dismissed the claims. The district court implicitly denied Linda's loss of consortium claim.**2** Donald and Linda appeal.

On appeal, Donald claims that the district court erred in granting summary judgment for the Greensboro Wal-Mart on his claims that the Greensboro Wal-Mart employees negligently used an improper testing procedure while testing Donald's side-mount battery and negligently failed to ensure Donald's safety while testing the side-mount battery because it did not warn him of the hidden danger associated with testing a battery in such a manner in the customer service area.**3** Essentially, Donald avers that these two claims should not have been dismissed because he was not contributorily negligent. Linda avers that she established loss of consortium and her derivative claim should not have been dismissed.

II

We review a district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is appropriate when there is no genuine issue as to any material fact, such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Under North Carolina law, contributory negligence is generally defined as "`the breach of the duty of the plaintiff to exercise due care

---

**2** The district court dismissed the remaining negligence claims because it determined that Donald did not establish a genuine issue of material fact that the Greensboro Wal-Mart or its employees were negligent on the remaining claims. Because Donald is not appealing the denial of these claims, it is not necessary for us to address these claims in the opinion.

**3** The Greensboro Wal-Mart does not cross-appeal the district court's decision that the Greensboro Wal-Mart employees negligently failed to use a proper testing procedure while testing the side-mount battery and negligently failed to ensure Donald's safety while testing the side-mount battery, and, therefore, it is not necessary for us to address this issue.

5

for his own safety in respect of the occurrence about which he complains, and if his failure to exercise due care for his own safety is one of the proximate contributing causes of his injury, it will bar recovery.'" Jones v. Owens-Corning Fiberglass Corp. & Amchem Products, Inc., 69 F.3d 712, 720 n.9 (4th Cir. 1995) (quoting Champs Conv. Stores v. United Chemical Co., 406 S.E.2d 856, 861 (N.C. 1991)). "Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." Bosley v. Alexander, 442 S.E.2d 82, 84 (N.C. App. 1994). In other words, if a plaintiff "'ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety,'" the plaintiff may be held to be contributorily negligent. Cobo v. Raba, 495 S.E.2d 362, 365 (N.C. 1998) (quoting Smith v. Fiber Controls Corp., 268 S.E.2d 504, 507 (N.C. 1980)).

Additionally, when the plaintiff is an invitee, one who enters the premises in response to "'the express or implied invitation of the owner or the person in control,'" Vera v. Five Crow Promotions, Inc., 503 S.E.2d 692, 695-96 (N.C. App. 1998) (quoting Jones v. Southern Ry. Co., 153 S.E. 637, 638 (N.C. 1930)), a premises owner does not have to warn him "of apparent hazards or circumstances of which the invitee has equal or superior knowledge." Jenkins v. Lake Montana Club, Inc., 479 S.E.2d 259, 262 (N.C. App. 1997). "An invitee is still required to exercise ordinary care for his own safety," and if the plaintiff is actually aware of, or should be aware of a danger, "which is not hidden or concealed, [but] proceeds with full knowledge and awareness of the dangers posed thereby," the plaintiff is contributorily negligent, and there can be no recovery. Crane v. Caldwell, 438 S.E.2d 449, 452 (N.C. App. 1994).

We conclude that as a matter of law Donald was contributorily negligent. No one disputes that Donald, who entered the Greensboro Wal-Mart to return the side-mount battery, was an invitee. Donald, an invitee, was required to exercise ordinary care for his own safety. Thus, the question becomes whether Donald breached his duty to exercise ordinary care for his own safety during the side-mount battery testing. Donald's deposition testimony establishes that he was aware that the technique used by the Greensboro Wal-Mart employees for testing the side-mount battery, touching battery cable clamps

6

to the holes on the side-mount battery without first inserting bolts, could cause the side-mount battery to explode. However, despite his actual awareness of this danger, Donald stood over the side-mount battery while two employees repeatedly tested the side-mount battery using a procedure that Donald knew could cause the side-mount battery to explode. Because Donald was aware of the unreasonable danger of injury to which his standing over the side-mount battery while the Greensboro Wal-Mart employees tested the side-mount battery using an improper technique exposed him, but ignored the danger, we conclude that Donald breached his duty to exercise due care for his own safety during the side-mount battery testing, and his failure to exercise due care for his own safety proximately contributed to his injuries. Accordingly, Donald, being contributorily negligent, may not recover on his negligence claims pressed in this appeal. Because Linda's claim is derivative of Donald's, she too may not recover.

III

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED